IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SHAILESH C. VORA, Individually and as representative of AKSHAR 14, LLC and AKSHAR 14, LLC, d/b/a HAMPTON INN & SUITES, <br><br> *Plaintiff*, <br> v. <br><br> SCOTTSDALE INSURANCE COMPANY and ATLANTIC CASUALTY INSURANCE COMPANY, <br><br> *Defendants*. | CIVIL ACTION NO. 2:10-CV-089-TJW |

## MEMORANDUM OPINION AND ORDER

**I. Introduction**

Before the Court are the Motion to Transfer Venue by Defendant Atlantic Casualty Insurance Company ("Atlantic Casualty"), (Dkt. No. 5), and the Motion to Transfer Venue by Defendant Scottsdale Insurance Company ("Scottsdale"). (Dkt. No. 7.) The Court, having considered the venue motion and the arguments of counsel, GRANTS the motion to transfer venue for both Defendants to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). The balance of the private and public factors demonstrates that the transferee venue is "clearly more convenient" than the venue chosen by Shailesh Vora and Akshar 14, LLC ("Akshar") (collectively, "Plaintiffs"). *See In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304 (5th Cir. 2008) (en banc).

## II. Factual and Procedural Background

Defendant Scottsdale is a corporation authorized to do business in the State of Texas, and Scottsdale is organized under the laws of the State of Ohio with its principal place of business in Arizona. Defendant Atlantic Casualty is a corporation authorized to do business in the State of Texas, and Atlantic Casualty is organized under the laws of the State of North Carolina with its principal place of business in North Carolina. Plaintiff Vora is an individual that is a citizen of the State of Arkansas. Plaintiff Akshar is a limited liability company that is organized under the laws of Arkansas.

According to the Complaint, Vora invests in real estate through Akshar, and on March 23, 2007, Vora entered into a contract with Ralph Whitley to act as general contractor for the construction of a Hampton Inn & Suites in Nechez, Mississippi. HNF Installations ("HNF"), which is located in Hunt County within the Northern District of Texas, was hired to install furniture in the hotel. Defendant Scottsdale issued a commercial general liability ("CGL") insurance policy to HNF. Defendant Atlantic Casualty issued a CGL policy to Whitley. In this case, Vora and Akshar allege that they are additional insureds and certificate of insurance holders under the Scottsdale and Atlantic Casualty policies. On or about November 5, 2007, the Complaint alleges that two subcontractors sustained personal injuries on the Mississippi job site. Vora and Akshar are defendants in the subcontractors' personal injury suit in Hunt County, Texas, cause number 72,378, styled *Brenda Skinner, et al. v. Shailesh C. Vora, et al.*, in the 196th Judicial District Court. This state court is within the geographical boundary of the Northern District of Texas.

This is the second declaratory judgment action filed under diversity jurisdiction about insurance coverage arising from the accident in Mississippi. The first declaratory judgment action was filed by Scottsdale on November 10, 2008 in the Northern District of Texas, Dallas Division, civil action 3:08-CV-2016-M, before The Honorable Barbara Lynn. Scottsdale dismissed that case because of amendments to pleadings in the underlying lawsuit in state court in Hunt County. In the present declaratory judgment action in this Court, Plaintiffs Vora and Akshar ask the Court to issue a determination on Scottsdale's and Atlantic Casualty's potential defense and coverage obligations. Atlantic Casualty filed its motion to transfer venue to the Northern District of Texas on May 10, 2010. (Dkt. No. 5.) Scottsdale filed its motion to transfer venue to the Northern District of Texas on May 13, 2010. (Dkt. No. 7.)

### III. Analysis

#### A. Applicable Law Regarding Motions to Transfer

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Fifth Circuit has enunciated the standard to be used in deciding motions to transfer venue. *See Volkswagen II*, 545 F.3d 304. The moving party must show "good cause," and this burden is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Id.* at 314.

The initial threshold question is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the Court must weigh the relative conveniences of the current district against the transferee district. In making the convenience determination, the Fifth

Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.*

**B.     Proper Venue**

The threshold "determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed" in the first place. *Volkswagon I*, 371 F.3d at 203. The Northern District of Texas is a proper venue for both Atlantic Casualty and Scottsdale, and Plaintiffs do not dispute that the Northern District of Texas would have been a proper venue in which the claim could have originally been filed. "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought . . . in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(a)(2). Vora and Akshar claim they are entitled to a defense and coverage from Defendants in a personal injury lawsuit pending in a state court located within the Northern District of Texas under an insurance policy originally issued to HNF in the Northern District of Texas. Hence, the Northern District of Texas is a proper venue

4

for both Atlantic Casualty and Scottsdale because a substantial part of the events or omissions giving rise to this claim occurred in the Northern District of Texas.

**C.  Private Interest Factors**

1.  *Relative Ease of Access to Sources of Proof*

The relative ease of access to sources of proof is the first factor to consider, and this factor weighs in favor of transfer. "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316. The parties agree that no sources of proof are located in the Eastern District of Texas. Plaintiffs argue that documents are located in Arkansas and Mississippi, and the Eastern District of Texas is closer to Arkansas and Mississippi. However, the Northern District of Texas is not much further from these states than the Eastern District of Texas, and as Defendants point out, there are documents and sources of proof located in the Northern District of Texas. Defendants state that there are documents relevant to this lawsuit that are located at HNF's premises in Hunt County in the Northern District of Texas. Therefore, this factor weighs in favor of transfer.

2.  *Availability of Compulsory Process*

The next private interest factor is the availability of compulsory process to secure the attendance of non-party witnesses, and this factor points toward transfer. Rule 45(c)(3)(A)(ii) limits the Court's subpoena power by protecting non-party witnesses who work or reside more than 100 miles from the courthouse. *Volkswagen II*, 545 F.3d at 316. *Volkswagen II* found important that "a proper venue that does enjoy *absolute* subpoena power for both depositions and trial—the Dallas Division—is available." *Id.* (emphasis in original). The parties agree that there

are no potential witnesses in the Eastern District of Texas, and there are no potential non-party witnesses within 100 miles of Marshall. But Defendants note that there are potential non-party witnesses in the Northern District of Texas in Hunt County, Texas, which is within 100 miles of the Dallas Division of the Northern District of Texas. Thus, this factor weighs in favor of transfer.

       3.  *Cost of Attendance for Willing Witnesses*

Next, the Court must weigh the cost for witnesses to travel and attend trial in the Eastern District of Texas versus the Northern District of Texas, and the Court concludes that this factor is neutral. The Fifth Circuit has explained:

> When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

*Volkswagen I*, 371 F.3d at 204-05. The Court must consider the convenience of both the party and non-party witnesses. *See id.* at 204 (requiring courts to "contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d. 761, 765-66 (E.D. Tex. 2009).

Dallas is more than 100 miles from Marshall. As noted above, there are potential witnesses in Hunt County, and it would be more convenient for these witnesses to appear in Dallas than Marshall. On the other hand, as Plaintiff notes, Marshall is closer to the witnesses located in Arkansas and Mississippi. Therefore, this factor is neutral.

4.  *Other Practical Problems*

Practical problems include issues of judicial economy, and the Court concludes this factor is neutral. The Court often considers the possibility of delay and prejudice if transfer is granted, but delay and prejudice associated with transfer is relevant "in rare and special circumstances" and only if "such circumstances are established by clear and convincing evidence." *ICHL, LLC v. NEC Corp. of America*, No. 5:08-cv-65, 2009 WL 1748573, at *12 (E.D. Tex. June 19, 2009) (quoting *In re Horseshoe*, 337 F.3d 429, 434 (5th Cir. 2003)). Plaintiffs state there are no practical problems in transferring the case. Defendants note that Judge Lynn in the Dallas Division has already worked on a previous declaratory judgment action in this case that is similar to the present action. Nonetheless, the Court finds there are no "special circumstances" of judicial economy, so this factor is neutral.

**D.    Public Interest Factors**

1.  *Court Congestion*

The Court may consider how quickly a case will come to trial and be resolved. *See Ray Mart, Inc. v. Stock Building Supply of Tex., LP*, 435 F. Supp. 2d 578, 595 (E.D. Tex. 2006). This factor is the most speculative, however, and in situations where several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of the other factors. *See id. See also In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (applying Fifth Circuit law). Given the speculative nature of this factor, the Court finds it to be neutral.

2. *Local Interest*

The Court must consider local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004). "Transfer is appropriate where none of the operative facts occurred in the district and where the district has no particular local interest in the outcome of the case." *Shifferaw v. Emson USA*, No. 2:09-cv-54-TJW-CE, 2010 WL 1064380, at *5 (E.D. Tex. Mar. 18, 2010) (Everingham, M.J.). There is essentially no local interest in the Eastern District of Texas, and Plaintiffs even agree that this factor "slightly favors transfer." (Dkt. No. 9, at 5.) There is a local interest in the Northern District of Texas because the Scottsdale insurance policy was issued within the Northern District of Texas to its named insured who is located in the Northern District of Texas. Thus, this factor weighs in favor of transfer.

3. *Familiarity with the Governing Law*

One of the public interest factors is "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203. The parties agree that both the Northern District of Texas and the Eastern District of Texas are equally capable of applying the law in this case. Thus, this factor is neutral.

4. *Avoidance of Conflict of Laws*

The parties also agree that the avoidance of conflict of laws factor is neutral, so the Court concludes that this factor is neutral.

**III. Conclusion**

Considering all of the private and public interest factors, the Defendants have met their burden of showing that the Northern District of Texas is "clearly more convenient" than the

8

Eastern District of Texas. *See Volkswagen II*, 545 F.3d at 315. Access to sources of proof, availability of compulsory process, and local interests all weigh in favor of transfer. On the other hand, no factors weigh against transfer. Therefore, Defendants' motion to transfer venue regarding all Defendants is GRANTED.

It is so ORDERED.

SIGNED this 5th day of October, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE